UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RICKEY NORMAN
on behalf of himself and all
others similarly situated,

    Plaintiffs,                                           CASE NO. 14-cv-187

                  v.

WORLDCARE TRANSIT SERVICE,        JURY TRIAL DEMANDED
LLC,

6501 INVESTMENTS LLC, d/b/a
WORLD FOOD AND PETRO MART,

SAWAN TIWARI,

    and

SURAJ TIWARI,

    Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Representative Plaintiff Rickey Norman, on behalf of himself and all other similarly situated current and former employees that worked as Drivers for Defendants Worldcare Transit Service, LLC; 6501 Investments LLC d/b/a World Food and Petro Mart; Sawan Tiwari; and Suraj Tiwari. Norman was formerly a Driver employed by Worldcare Transit Service, LLC; 6501 Investments LLC d/b/a World Food and Petro Mart; Sawan Tiwari; and Suraj Tiwari. It is the policy of Worldcare Transit Service, LLC; 6501 Investments LLC d/b/a World Food and Petro Mart; Sawan Tiwari; and Suraj Tiwari to compensate their Drivers at a straight-time rate when the

Drivers work more than forty hours in a workweek, denying the Drivers overtime premium compensation for those hours.

2. Worldcare Transit Service, LLC; 6501 Investments LLC d/b/a World Food and Petro Mart; Sawan Tiwari; and Suraj Tiwari provide non-emergency medical transportation services in specialized medical vehicles to individuals who are disabled and/or elderly and are in need of transportation assistance. On information and belief, Sawan Tiwari and Suraj Tiwari are the owners of Worldcare Transit Service, LLC and operate the World Food and Petro Mart on behalf of 6501 Investments LLC.

3. Norman brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. Norman also brings this action, on behalf of himself and other similarly situated current and former employees, as a class action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin State Law for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United Stated Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the district and Worldcare Transit Service, LLC; 6501 Investments LLC d/b/a World Food and Petro Mart; Sawan Tiwari; and Suraj Tiwari have substantial and systematic contacts in this district.

## PARTIES

7. Defendant Worldcare Transit Services, LLC ("Worldcare") is a Wisconsin Corporation with a principal place of business in Brown Deer, Wisconsin. Worldcare's registered agent for service of process in the State of Wisconsin is Sawan Tiwari, located at 4685 W. Bradley Road, Brown Deer, Wisconsin 53223. Worldcare's principal place of business is located at 4685 W. Bradley Road, Brown Deer, Wisconsin 53223.

8. Defendant 6501 Investments LLC d/b/a World Food and Petro Mart ("6501 Investments") is a Wisconsin Limited Liability Company with a principal place of business in Menomonee Falls, Wisconsin. 6501 Investments' registered agent for service of process is Harjinder Singh, located at W145 N5353 Thornhill Drive, Menomonee Falls, Wisconsin 53051. 6501 Investments' principal place of business is located at W145 N5353 Thornhill Drive, Menomonee Falls, Wisconsin 53051.

9. On information and belief, Defendant 6501 Investments operates the World Food and Petro Mart, located at 4685 W. Bradley Road, Brown Deer, Wisconsin 53223.

10. On information and belief, Defendants Worldcare and 6501 Investments share a common pool of funds for the businesses operating at 4685 W. Bradley Road, Brown Deer, Wisconsin 53223.

11. Defendant Sawan Tiwari is an owner of Worldcare. Sawan Tiwari oversees the day-to-day operations of Worldcare and the World Food and Petrol Mart and has control over the compensation and human resources aspects of Worldcare.

12. Sawan Tiwari is an adult resident of the State of Wisconsin and resides at 8617 W. North Avenue, Apartment # 8, Milwaukee, WI 53226.

13. Defendant Suraj Tiwari is an owner of Worldcare. Suraj Tiwari oversees the day-to-day operations of Worldcare and the World Food and Petro Mart and has control over the compensation and human resources aspects of Worldcare.

14. Suraj Tiwari is an adult resident of the State of Wisconsin and resides at 8617 W. North Avenue, Apartment # 8, Milwaukee, WI 53226.

15. Worldcare Transit Service, LLC; 6501 Investments LLC d/b/a World Food and Petro Mart; Sawan Tiwari; and Suraj Tiwari are collectively referred to as "Defendants" hereinafter.

16. Plaintiff Rickey Norman (hereinafter "Norman") is an adult resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin. Norman's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint. Norman is a former employee of Defendants who has worked as a Driver within three years from the date of filing this Complaint.

17. Norman brings this action on behalf of himself and all other similarly situated current and former employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Overtime Class** is defined as follows:

> All persons who are or have been employed by Defendants as a Driver, and who worked in excess of forty hours in any one workweek, within three years prior to this action's filing date, without receiving overtime premium compensation for each hour worked over forty in a workweek.

18.     Norman brings this action on behalf of himself and the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who are or have been employed by Defendants in Wisconsin as a Driver, and who worked in excess of forty hours in any one workweek, within two years prior to this action's filing date, without receiving overtime premium compensation for each hour worked over forty in a workweek.

19.     The Collective Overtime Class and the Wisconsin Overtime Class are collectively referred to as the "Overtime Classes" hereinafter.

## GENERAL ALLEGATIONS

20.     Norman and the Collective Overtime Class work, or have worked, for Defendants as Drivers within the three years preceding the filing of this Complaint.

21.     Norman and the Wisconsin Overtime Class work, or have worked, for Defendants as Drivers within the two years preceding the filing of this Complaint.

22.     Worldcare provides non-emergency medical transportation services to elderly, disabled, and/or other individuals in Milwaukee and the surrounding suburbs.

23.     Defendants employ Drivers to provide door-to-door transportation services to Worldcare's customers.

24.     Since February 20, 2011, Norman and the Overtime Classes' members have operated minivans – including specialized medical vehicles which are modified vans – to accommodate loading, unloading, and safe transportation of elderly, disabled, and/or other individuals to medical appointments while working as Drivers for Defendants.

25.     Defendants' vans do not have lights on top of the vehicles, similar to those on taxis, indicating whether they are available to pick up customers.

26.     Defendants' vans do not have the word "Milwaukee" on the right and left sides of the vehicle.

27.     Defendants' vans do not say "taxi" on the outside of the vehicle.

28. Defendants' vans do not have a taxi permit number, issued by the Milwaukee Common Counsel, displayed on the right and left sides of the vehicle.

29. Defendants' vans do not have a taxi permit number, issued by the Milwaukee Common Counsel, displayed on the back of the driver's seat.

30. Defendants' vans do not have taximeters.

31. Defendants' vans are not offered for hire to the general public on city streets.

32. Defendants' vans do not display the rates charged by Defendants inside of the vehicle.

33. Defendants' modified vans have doorways wide enough to accommodate a wheelchair.

34. Defendants' modified vans have ramps or lifting devices for elevating wheelchairs from the curb or sidewalk to the vehicle.

35. Defendants' modified vans have means to secure wheelchairs to the inside of the vehicle and safety belts for handicapped individuals.

36. Defendants do not charge their customers by the fraction of a mile.

37. Defendants do not charge their customers for wait time.

38. Defendants have not applied for a zone fair taxicab permit from the City of Milwaukee.

39. Defendants prohibit their Drivers from picking up passengers who hail or signal the driver.

40. Defendants prohibit their Drivers from picking up passengers other than those who have been dispatched to the Drivers by Defendants.

41. Defendants prohibit their Drivers from picking up passengers other than individuals who are elderly, disabled, or otherwise in need of non-emergency transportation for medical appointments.

Page 6 of 20

Case 2:14-cv-00187-NJ   Filed 02/20/14   Page 6 of 20   Document 1

42. Defendants prohibit their drivers from going to the airport to pick up customers who have not been scheduled through Defendants' dispatch.

43. Defendants prohibit their drivers from continuing to transport customers after Defendants' last dispatched customer of the day.

44. Defendants prohibit their Drivers from making change for customers.

45. Defendants prohibit their Drivers from receiving tips.

46. Milwaukee City Ordinance Section 100-61 prohibits Defendants from allowing its drivers to pick up customers who have hailed or signaled for the Driver to pick them up.

47. An individual on the side of the street cannot hail Defendants' Drivers to obtain transportation.

48. An individual on the side of the street cannot flag down Defendants' Drivers to obtain transportation.

49. Defendants permit multiple customers to be transported at the same time to different locations.

50. Many of Defendants' Drivers do not hold Class T Public Passenger licenses to operate a taxi within the City of Milwaukee.

51. Defendants' vans have not been issued permits to operate a taxi by the City of Milwaukee.

52. Defendants' Drivers cannot use their discretion to determine where to find customers.

53. Defendants' Drivers do not exercise initiative in locating customers.

54. Defendants require all passengers to be scheduled through Defendants' dispatch.

55. The majority of Defendants' customers do not pay for transportation at the time of transportation.

56. Defendants receive reimbursement from Medicare for the transportation services provided to its customers.

57. Defendants receive reimbursement from Medicaid for the transportation services provided to its customers.

58. Defendants do not list their services under "taxi" in the phone book.

59. Defendants require their Drivers to fuel Defendants' medical transport vans at the end of each day.

60. Defendants purchased medical transport vans for its Drivers to transport customers.

61. Defendants maintain their medical transport vans.

62. Defendants purchase tires for their medical transport vans.

63. Defendants' Drivers are scheduled by Defendants to go to various locations to pick up and provide non-emergency medical transportation to Defendants' customers.

64. Since February 20, 2011, Defendants have paid their Drivers a flat weekly salary regardless of the number of hours worked by each Driver in a given workweek.

65. Since February 20, 2011, Defendants have paid Norman and the Overtime Classes' weekly salaries by giving them money out of the cash registers of the World Food and Petrol Mart.

66. Defendants' Drivers have worked more than forty hours in a workweek since February 20, 2011.

67. Defendants do not pay their Drivers time and one-half premium compensation for each hour worked beyond forty hours in a workweek.

68. Since February 20, 2011, Norman has worked more than forty hours in a workweek for Defendants.

69. Norman did not receive time and one-half premium compensation when he worked in excess of forty hours in a workweek.

70. Members of the Collective Overtime Class performed more than forty hours of work in a workweek since February 20, 2011.

71. During weeks when members of the Collective Overtime Class performed more than forty hours of work in a workweek, the Collective Overtime Class members were not paid time and one-half the regular rate of compensation for each hour over forty hours.

72. Members of the Wisconsin Overtime Class performed more than forty hours of work in a workweek since February 20, 2012.

73. During weeks when members of the Wisconsin Overtime Class performed more than forty hours of work in a workweek, the Wisconsin Overtime Class members were not paid time and one-half the regular rate of compensation for each hour worked beyond forty hours.

74. Defendants suffered or permitted Norman, the Collective Overtime Class, and the Wisconsin Overtime Class to work without being paid appropriate compensation for each hour worked.

75. Defendants failed to maintain accurate records of the hours worked by Norman, the Collective Overtime Class, and the Wisconsin Overtime Class since February 20, 2011.

76. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Norman, the Collective Overtime Class, and the Wisconsin Overtime Class.

77. On information and belief, Sawan Tiwari is involved in the management, supervision, and oversight of Worldcare and 6501 Investments; has the ability to hire and fire employees of Worldcare; is involved in and has control over employee compensation, benefits

decisions, and policy making of Worldcare; is involved in Worldcare and 6501 Investments' day-to-day functions; has a role in determining employees hourly rates; and has control over classification of individuals who perform work for Worldcare.

78. On information and belief, Suraj Tiwari is involved in the management, supervision, and oversight of Worldcare and 6501 Investments; has the ability to hire and fire employees of Worldcare; is involved in and has control over employee compensation, benefits decisions, and policy making of Worldcare; is involved in Worldcare and 6501 Investments' day-to-day functions; has a role in determining employees hourly rates; and has control over classification of individuals who perform work for Worldcare.

79. On information and belief, Sawan Tiwari specifically was involved in the decision to pay Defendants' Drivers straight-time for hours worked over forty hours in a workweek.

80. On information and belief, Suraj Tiwari specifically was involved in the decision to pay Defendants' Drivers straight-time for hours worked over forty hours in a workweek.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

81. Norman and the Collective Overtime Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to compensate them for each hour worked including overtime compensation. The claims of Norman stated herein are the same as those of the Collective Overtime Class.

82. Norman and the Collective Overtime Class seek relief on a collective basis, challenging, among other FLSA violations, Defendants' practice of failing to pay employees for all hours worked including overtime compensation.

83.     The Collective Overtime Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily ascertainable from Defendants. Notice can be provided to the Collective Overtime Class via first class mail to the last address known to Defendants and through posting at Defendants' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

84.     Norman brings his Wisconsin state law claims under FED. R. CIV. P. 23 on behalf of the Wisconsin Overtime Class for violations occurring on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

85.     The proposed Wisconsin Overtime Class is so numerous that joinder of all members is impracticable, and more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately forty members of the Wisconsin Overtime Class.

86.     Norman's claims are typical of those claims that could be alleged by any member of the Wisconsin Overtime Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Overtime Class in separate actions. The alleged claims arise out of the same corporate practice of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Overtime Class. Norman and the other members of the Wisconsin Overtime Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

87.     Norman is able to fairly and adequately protect the interests of the Wisconsin Overtime Class and has no interests antagonistic to the Wisconsin Overtime Class.

88. There are questions of fact and law common to the Wisconsin Overtime Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

1. Whether Norman and the Wisconsin Overtime Class are exempt from the overtime requirements of Wisconsin law;

2. Whether Defendants engaged in a pattern or practice of suffering or permitting Norman and the Wisconsin Overtime Class to perform work for Defendants' benefit without being properly compensated; and

3. The nature and extent of class-wide injury and the measure of damages for the injury.

89. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

90. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

91. Norman, individually and on behalf of the Collective Overtime Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

92. Since February 20, 2011, Norman and the Collective Overtime Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

93. Since February 20, 2011, Defendant Worldcare has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

94. Since February 20, 2011, Defendant 6501 Investments has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

95. Since February 20, 2011, Norman and the Collective Overtime Class have been employees within the meaning of 29 U.S.C. § 203(e).

96. Since February 20, 2011, Worldcare has been an employer of Norman and the Collective Overtime Class within the meaning of 29 U.S.C. § 203(d).

97. Since February 20, 2011, 6501 Investments has been an employer of Norman and the Collective Overtime Class within the meaning of 29 U.S.C. § 203(d).

98. Since February 20, 2011, Sawan Tiwari has been an employer of Norman and the Collective Overtime Class within the meaning of 29 U.S.C. § 203(d).

99. Since February 20, 2011, Suraj Tiwari has been an employer of Norman and the Collective Overtime Class within the meaning of 29 U.S.C. § 203(d).

100. Since February 20, 2011, Worldcare and 6501 Investments have been joint employers as provided under the FLSA, 29 U.S.C. §§ 203(d),(g).

101. Since February 20, 2011, Defendants have violated the FLSA by failing to compensate Norman and the Collective Overtime Class at one and one-half times their respective regular rates for each hour in which Defendants suffered or permitted them to perform uncompensated work in excess of forty hours in a given

Page 13 of 20

Case 2:14-cv-00187-NJ    Filed 02/20/14    Page 13 of 20    Document 1

workweek and by failing to accurately record and maintain the hours worked by Norman and the Collective Overtime Class.

102. Norman and the Collective Overtime Class are entitled to damages equal to mandated minimum wage and/or overtime premium pay within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

103. Defendants' failure to properly compensate Norman and the Collective Overtime Class was willfully perpetrated and Norman and the Collective Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

104. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Norman and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of WWPCL – Unpaid Wages and Overtime**
**(Plaintiff on behalf of himself and the Wisconsin Overtime Class)**

105. Norman, on behalf of himself and the Wisconsin Overtime Class, reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

106. Since February 20, 2012, Norman and the Wisconsin Overtime Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

107. Since February 20, 2012, Norman and the Wisconsin Overtime Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

108. Since February 20, 2012, Norman and the Wisconsin Overtime Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

109. Since February 20, 2012, Norman and the Wisconsin Overtime Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

110. Since February 20, 2012, Norman and the Wisconsin Overtime Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

111. Since February 20, 2012, Defendants have been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

112. Since February 20, 2012, Defendants have been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

113. Since February 20, 2012, Defendants have been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

114. Since February 20, 2012, Defendants have been an employer within the meaning of Wis. Admin Code §§ DWD 272.01 *et seq.*

115. Since February 20, 2012, Defendants have been an employer within the meaning of Wis. Admin Code §§ DWD 274.01 *et seq.*

116. Since February 20, 2012, Defendant Worldcare has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

117. Since February 20, 2012, Defendant Worldcare has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

118. Since February 20, 2012, Defendant Worldcare has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

119. Since February 20, 2012, Defendant Worldcare has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

120. Since February 20, 2012, Defendant Worldcare has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 274.01 *et seq.*

121. Since February 20, 2012, Defendant 6501 Investments has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

122. Since February 20, 2012, Defendant 6501 Investments has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

123. Since February 20, 2012, Defendant 6501 Investments has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

124. Since February 20, 2012, Defendant 6501 Investments has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

125. Since February 20, 2012, Defendant 6501 Investments has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 274.01 *et seq.*

126. Since February 20, 2012, Defendant Sawan Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

127. Since February 20, 2012, Defendant Sawan Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

128. Since February 20, 2012, Defendant Sawan Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

129.     Since February 20, 2012, Defendant Sawan Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 272.01 *et seq*.

130.     Since February 20, 2012, Defendant Sawan Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 274.01 *et seq*.

131.     Since February 20, 2012, Defendant Suraj Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

132.     Since February 20, 2012, Defendant Suraj Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

133.     Since February 20, 2012, Defendant Suraj Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 104.01 *et seq*.

134.     Since February 20, 2012, Defendant Suraj Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 272.01 *et seq*.

135.     Since February 20, 2012, Defendant Suraj Tiwari has employed Norman and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code § DWD 274.01 *et seq*.

136.     Since February 20, 2012, Defendants had and continue to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Overtime Class overtime premium compensation.

137.     Since February 20, 2012, Defendants failed to pay Norman and the Wisconsin Overtime Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin law.

138. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one (31) days prior to the date of payment.

139. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin law.

140. As set forth above, Norman and the Wisconsin Overtime Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Norman, on behalf of himself and the Wisconsin Overtime Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

141. Under Wis. Stat. § 109.11, Norman and the Wisconsin Overtime Class may be entitled to civil penalties equal and up to fifty percent (50%) of their unpaid wages.

142. Plaintiff, on behalf of himself and the Wisconsin Overtime Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, it is respectfully requested that this Court grant the following relief:

a) At the earliest possible time, an Order designating this action as a collective action on behalf of the Collective Overtime Class and allowing issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) At the earliest possible time, an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the proposed Wisconsin Overtime Class;

c) At the earliest possible time, an Order appointing Hawks Quindel S.C. as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) At the earliest possible time, an Order designating Rickey Norman as the Named Plaintiff and as representative of the Wisconsin Overtime Class set forth herein;

e) Leave to add additional Plaintiffs by Motion, the filing of written consent forms, or any other method approved by the Court;

f) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin law and applicable regulations and as willful as defined by Wisconsin law;

g) An Order finding that Defendants violated the FLSA and Wisconsin law;

h) An order finding that Defendants Worldcare and 6501 Investments are joint employers under the FLSA and Wisconsin law;

i) An Order directing and requiring Defendants to pay damages in the form of reimbursement for unpaid wages at the applicable minimum wage, agreed upon wage, and/or overtime rates for all time spent performing compensable work for which Norman, the Collective Overtime Class, and the Wisconsin Overtime Class were not paid pursuant to the rate provided by the FLSA and Wisconsin Law;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

l) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Norman hereby requests a trial by jury pursuant to FED.R.CIV.P. 38(b).

Dated this 20th day of February 2014.

                                        Respectfully submitted,

                                        s/ Larry A. Johnson
                                        Larry A. Johnson
                                        SBN 1056619
                                        Summer H. Murshid
                                        SBN 1075404
                                        Timothy P. Maynard
                                        SBN 1080953
                                        Attorneys for the Plaintiff

                                        **Hawks Quindel, S.C.**

222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email(s):	ljohnson@hq-law.com
		smurshid@hq-law.com
		tmaynard@hq-law.com